**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lisa Soto, Appellant,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Respondents.

Appellate Case No. 2014-000340

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2016-UP-051
Submitted December 1, 2015 – Filed February 3, 2016

———————

**AFFIRMED**

———————

Daniel Joseph Farnsworth, Jr., of Farnsworth Law Offices, LLC, of Greenville, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondents.

———————

**PER CURIAM:**  Lisa Soto appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Department of Motor Vehicles' (SCDMV's) finding

that she is a habitual offender as defined in section 56-1-1020 of the South Carolina Code (2006). Soto argues she is not a habitual offender because one of the convictions against her involved driving under suspension for cancellation of insurance, and she had obtained new coverage by the date of the traffic stop. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. With respect to the exception provided for in section 56-1-1020(a)(4): *State v. Morgan*, 352 S.C. 359, 365, 574 S.E.2d 203, 206 (Ct. App. 2002) ("The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible."); *id.* at 365-66, 574 S.E.2d at 206 ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute."); *id.* ("The determination of legislative intent is a matter of law."); *id.* ("The legislature's intent should be ascertained primarily from the plain language of the statute."); *id.* ("Words must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation.").

2. Additionally, even if subsection (a)(4) could be construed as Soto argues, she did not submit evidence to the SCDMV hearing officer she may have been insured on October 9, 2010, and she did not attempt to submit the additional evidence via section § 1-23-380(3) of the South Carolina Code (Supp. 2015). Furthermore, she does not appeal the ALC's decision to disregard such evidence. Therefore, with respect to that issue: S.C. Code Ann. § 1-23-380(4) (Supp. 2015) (stating the review of an agency's decision must be confined to the record); S.C. Code Ann § 1-23-380(3) ("If a timely application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court."); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.